IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FOUNDATION MEDICINE, INC., | § | |
| | § | |
| v. | § | Case No. 2:16-CV-00523-JRG-RSP |
| | § | |
| GUARDANT HEALTH, INC., | § | |

## MEMORANDUM OPINION AND ORDER

Guardant Health, Inc. ("Guardant") moves to transfer this case to the Northern District of California under 28 U.S.C. § 1404(a). Dkt. 12. Because Guardant does not show that the Northern District of California would be clearly more convenient, Guardant's motion is **DENIED**.

## DISCUSSION

A district court can transfer a case to another district where the case might have been brought for "the convenience of parties and witnesses" and "in the interests of justice." 28 U.S.C. § 1404(a). The parties do not dispute that this case could have been brought in the Northern District of California. *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*"); *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). The question is whether Guardant has shown the Northern District of California to be "clearly more convenient" than the Eastern District of Texas. *Volkswagen II*, 545 F.3d at 315.

The analysis turns on a number of public and private interest factors, none of which is given dispositive weight. *See Volkswagen I*, 371 F.3d at 203. The private factors include:

(1) ease of access to evidence ("sources of proof");

(2) subpoena power over potential witnesses;

(3) cost of attendance for willing witnesses; and

(4) other practical problems.

*Volkswagen II*, 545 F.3d at 315. The public factors include:

(1) administrative difficulties flowing from court congestion;

(2) local interest in having localized interests decided at home;

(3) the familiarity of the forum with the law that will govern the case; and

(4) the avoidance of unnecessary problems of conflict of laws.

*Volkswagen I*, 371 F.3d at 203. To meet the burden of showing that the Northern District of California is clearly more convenient, Guardant must show that these private and public interest factors on balance weigh in favor of transfer. *See id.* The parties dispute only the first three private factors and the first two public factors.

### A. Private Factors

#### 1) *Access to Evidence*

Although modern technology allows a party to access documents discovered during litigation from most anywhere, the "physical" location of documents remains important. *See Volkswagen II*, 545 F.3d at 316; *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009). Relevant evidence in patent cases often comes from the accused infringer. *Genentech*, 566 at 1345. Thus, the place where the defendant's documents are kept weighs may weigh in favor of transfer to that location. *Id.*

Most of the relevant evidence in this case is likely located in Redwood City, California, at Guardant's headquarters. Guardant's CEO, Dr. Eltoukhy, indicates that "personnel and documents, both digital and non-digital, concerning the design and development, technical processes, and sales of the [accused] GUARDANT360 testing services are located almost exclusively in Redwood City, California." Dkt. 12-1 ¶ 8.

Foundation suggests that Guardant's lone Texas sales associates may have relevant information, but Guardant shows that this sales associate was hired in 2015, has little if any relevant information, and that any information he has could easily be obtained from Guardant's Redwood City location. Dkt. 12-1 ¶ 8. Foundation also suggests, however, that third-party MD Anderson in Houston, Texas, has potentially relevant evidence.

Foundation's evidence, most of which appears to be located at Foundation's headquarters in Cambridge, Massachusetts, is entitled to consideration, but it does not shift the balance in Foundation's favor. Foundation's Vice President of Human Resources, Sarah Larson, testified that most of Foundation's documents are kept in Massachusetts, Dkt. 22-12 ¶ 8, roughly 1,700 miles from the Eastern District of Texas and 3,100 miles from the Northern District of California. But because Foundation's evidence will have to be transported to trial held either here or in California, the Massachusetts evidence does not outweigh Guardant's convenience in being able to access evidence from within the transferee district. *See Genentech*, 566 F.3d at 1346 ("[B]ecause the documents housed in Europe and Washington, D.C. will need to be transported in any event, it is only slightly more inconvenient or costly to require the transportation of those materials to California than Texas.").

Accordingly, Guardant has shown that the evidence in this case could be accessed more conveniently from the Northern District of California than from this district. The Court acknowledges that the analysis regarding access to evidence is entirely fictional—at least in a case that does not involve significant physical evidence, the Court must envision a world in which the only way to get documents to trial is to print or retrieve them from their "physical location" and transport them to trial. *See Pabst Licensing v. Apple*, Case No. 6:15-CV-01095-RWS, Dkt. No. 143 at 4 (E.D. Tex. Sept. 30, 2016); *see also Volkswagen II*, 545 F.3d at 316;

3

*Genentech*, 566 at 1346 ("[T]he court's antiquated era argument was essentially rejected in *Volkswagen* because it would render [the evidence] factor superfluous."). The first factor therefore weighs in favor of transfer.

### 2) *Subpoena Power Over Potential Witnesses*

A district court's subpoena power is governed by Federal Rule of Civil Procedure 45. For purposes of § 1404(a), there are three important parts to Rule 45. *See VirtualAgility, Inc. v. Salesforce.com, Inc.*, No. 2:13-CV-00011-JRG, 2014 WL 459719, at *4 (E.D. Tex. Jan. 31, 2014) (explaining 2013 amendments to Rule 45). First, a district court has subpoena power over witnesses that live or work within 100 miles of the courthouse. *See* Fed. R. Civ. P. 45(c)(1)(A). Second, a district court has subpoena power over residents of the state in which the district court sits—a party or a party's officer that lives or works in the state can be compelled to attend trial, and nonparty residents can be similarly compelled as long as their attendance would not result in "substantial expense." *See* Fed. R. Civ. P. 45(c)(1)(B)(i)-(ii). Third, a district court has nationwide subpoena power to compel a nonparty witness's attendance at a deposition within 100 miles of where the witness lives or works. *See* Fed. R. Civ. P. 45(a)(2), 45(c)(1).

Guardant identifies two nonparty inventors that now live in California and are thus subject to the Northern District of California's subpoena power. But these inventors have stated that they would willingly attend trial in Marshall and would not be inconvenienced from doing so. The California inventors are therefore entitled to minimal if any weight. *See ContentGuard Holdings, Inc. v. Amazon.com, Inc.*, No. 2:13-CV-1112-JRG, 2015 WL 1885256, at *10 (E.D. Tex. Apr. 24, 2015).

The only dispute is whether this Court's subpoena power over potential nonparty witnesses from MD Anderson is significant. Foundation contends that they intend to call MD

Anderson researchers to testify at trial because their collaboration with Guardant involved "clinical evidence of Guardant360's utility." Dkt. 27 at 2-3. Because the MD Anderson researchers are within this Court's subpoena power but not within the transferee court's reach, the witnesses are entitled to consideration.

Guardant explains that collaborations similar to the one with MD Anderson occurred at other research institutions, including two collaborations at research institutions within the Northern District of California. Dkt. 22, Exhibits 1-11. But Foundation wishes to call MD Anderson witnesses to trial, and the Court is not in a position at this stage to say that other California witnesses would be acceptable substitutes. While a district court should assess the "relevance and materiality of the information the witness may provide," it is not necessary for a party "to show that the potential witness has more than relevant and material information." *In re Genentech*, 566 F.3d at 1343. Accordingly, the second factor weighs against transfer.

### 3) *Cost of Attendance for Willing Witnesses*

Witness convenience and costs of attending trial are important considerations. *In re Genentech*, 566 F.3d 1338 at 1343. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204-05. "Additional distance means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment." *Id.* at 205.

There is little dispute that a trial in the Northern District of California would be more convenient for party witnesses. Guardant shows that its witnesses all live or work in and around

5

Redwood City, California. Dkt. 12-1 ¶ 6. Aside from a handful of Foundation's sales and marketing personnel that live or work in Texas, Foundation's employees, including six of the eight inventors of the asserted patent, live in Massachusetts. Dkt. 22 at 6; Dkt. 22-12 ¶ 9. Foundation's employees will be required to travel and spend time away from home in any event. *See Genentech*, 566 F.3d at 1346. Neither party submits evidence showing that a trial in the Northern District of California would last longer than the typical one-week patent trial in Marshall, or evidence showing comparative costs of attendance, and thus the Court cannot realistically assess the relative cost for out-of-town witnesses.

Of the proposed nonparty witnesses, Foundation's MD Anderson witnesses would find it more convenient to travel to Marshall. The convenience of the nonparty witnesses typically carries the greatest weight in the analysis, *see, e.g.*, *Aquatic Amusement Assoc., Ltd. v. Walt Disney World Co.*, 734 F. Supp. 54, 57 (N.D.N.Y. 1990), and thus the Court gives significant weight to Foundation's MD Anderson witnesses. Accordingly, the potential cost and inconvenience saved from eliminating the need for Guardant's witnesses to travel to Marshall stands against the inconvenience and cost to Foundation's nonparty witnesses. The third factor therefore is neutral.

### B. Public Factors

The parties dispute only the first two public interest factors—administrative difficulties and local interest. With respect to administrative difficulties, Foundation argues that the faster time to trial in this district weighs against transfer. Guardant itself cites statistics showing that this district has an average time to trial of 20.9 months and the Northern District of California has an average time to trial of 26.7 months. Guardant contends that six months is insignificant, but the Court disagrees. The court congestion factor generally favors a district that can bring a

case to trial faster. *See In re Genentech*, 566 F.3d at 1347. On the basis of the record evidence, Foundation is likely able to get to trial here 25% faster than in the Northern District of California. Accordingly, the first public interest factor weighs slightly against transfer.

The local interest factor, on the other hand, weighs in favor of transfer. Guardant is headquartered in California, developed the accused product in California, and conducts the accused testing in California. Dkt. 12-1. While a handful of Foundation's sales and marketing personnel live or work in Texas, a generalized commercial presence is typically not sufficient to demonstrate any meaningful local interest in the outcome of a case. *See In re Nintendo Co., Ltd.*, 589 F.3d 1194, 1198 (Fed. Cir. 2009) (citing *Volkswagen II*, 545 F.3d at 317-18); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1321 (Fed. Cir. 2008). Guardant's presence in California, however, weighs only slightly in favor of transfer. As other district courts have recognized, it is generally a fiction that patent cases give rise to local controversy or interest, particularly without record evidence suggesting otherwise. *See TriStrata Tech., Inc. v. Emulgen Labs., Inc.*, 537 F. Supp. 2d 635, 643 (D. Del. 2008).

## CONCLUSION

On balance, the relevant factors do not favor transferring this case to the Northern District of California, and Guardant has failed to show that the Northern District of California is clearly more convenient than this district. *See Volkswagen II*, 545 F.3d at 315. Guardant's motion to transfer (Dkt. 12) is therefore **DENIED**.

**SIGNED this 14th day of February, 2017.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

7