IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FOUNDATION MEDICINE, INC., | § | |
| | § | |
| v. | § | Case No. 2:16-CV-00523-JRG-RSP |
| | § | |
| GUARDANT HEALTH, INC. | § | |

## ORDER

Before the Court is Plaintiff Foundation Medicine's Emergency Motion to Modify Protective Order. Dkt. No. 90. Foundation "requests that the Protective Order's prosecution bar be modified to permit a party's outside counsel and experts who have had access to confidential information to participate in any Inter Partes Review ("IPR") or other post-grant proceeding involving the party's own patents, as long as those individuals do not participate in drafting or amending any claims." *Id.* at 1.

Foundation has not, however, shown good cause for the modification. Foundation agreed to the protective order and its prosecution bar. Although Foundation's outside counsel and experts may not participate in drafting or amending any claims, their assistance with IPR strategy while armed with confidential information could significantly prejudice Guardant Health. *See Aylus Networks, Inc. v. Apple Inc.* (Fed. Cir. May 18, 2017) (statements made by patent owner in IPR can "narrow[ ] the meaning of the claim consistent with the scope of the claim surrendered."). Accordingly, because Foundation negotiated the langauge of the protective order and knew or should have know that IPR was a future possibility, no good cause for modification has been shown. Accordingly, Foundation's emergency motion (Dkt. No. 90) is **DENIED**.

**SIGNED this 5th day of June, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE