**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| FOUNDATION MEDICINE, INC., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 2:16-cv-00523 |
| | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| GUARDANT HEALTH, INC. | ) |
| | ) |
| Defendant. | ) |

## GUARDANT HEALTH'S MOTION TO DISMISS FOR IMPROPER VENUE, OR ALTERNATIVELY TO TRANSFER UNDER 28 U.S.C. § 1406

## TABLE OF CONTENTS

I.      INTRODUCTION ...........................................................................................................1

II.     THE COURT SHOULD DISMISS THIS CASE FOR IMPROPER VENUE....................2

    A.      *TC Heartland* Introduced A Venue Defense Not Previously Available To
        Guardant Under Then-Governing Decisional Law.................................................2

    B.      Venue is Improper Under § 1400(b) .......................................................................6

        1.      Guardant Does Not "Reside" in the Eastern District of Texas ................. 6

        2.      Guardant Did Not Commit Acts Of Infringement In This District............ 7

        3.      Guardant Has No Regular And Established Place Of Business Here....... 12

III.    IN THE ALTERNATIVE, THE COURT SHOULD TRANSFER THIS CASE TO
    THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. 1406 .................13

IV.     CONCLUSION............................................................................................................15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*7 West 57th Street Realty Co., LLC v. Citigroup, Inc.*,
  2015 WL 1514539 (S.D.N.Y. Mar. 31, 2015) ...........................................................4

*Archer Daniels Midland Co. v. Ralston Purina Co.*,
  321 F.Supp. 262 (SD Ill. 1971) .............................................................................11

*Chatman-Bey v. Thornburgh*,
  864 F.2d 804 (D.C. Cir. 1988) ...............................................................................3

*Chavez v. Dole Food Co., Inc.*,
  836 F. 3d 205 (3rd Cir. 2016) ...............................................................................15

*CPG Products Corp. v. Mego Corp.*,
  1980 WL 50358 (S.D. Oh. 1980) ...........................................................................11

*Daimler AG v. Bauman*,
  134 S.Ct. 746 (2014) ....................................................................................3, 4, 6

*Fourco Glass Co. v. Transmirra Prods. Corp.*,
  353 U.S. 222 (1957) ..............................................................................................4

*Funnelcap, Inc. v. Orion Indus., Inc.*,
  392 F. Supp. 938 (D. Del. 1975) .............................................................................8

*General Radio Co. v. Superior Electric Co.*,
  293 F.2d 949 (1st Cir. 1961) ............................................................................12, 13

*Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*,
  536 F.3d 439 (5th Cir. 2008) ..................................................................................6

*Glater v. Eli Lilly & Co.*,
  712 F.2d 735 (1st Cir. 1983) ...................................................................................3

*Gucci America, Inc. v. Weixing Li*,
  768 F.3d 122 (2d Cir. 2014)....................................................................................4

*Harper v. Virginia Department of Taxation*,
  509 U.S. 86 (1993)................................................................................................7

*Holzager v. Valley Hospital*,
  646 F.2d 792 (2d Cir.1981).....................................................................................3

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
   695 F. Supp. 2d 680 (S.D. Ohio 2010) ....................................................................10

*In re Cordis Corp.*,
   769 F.2d 733 (Fed. Cir. 1985)................................................................................12

*In re LimitNone, LLC*,
   551 F.3d 572 (7th Cir. 2008) .................................................................................14

*Joy Techs. v. Flakt, Inc.*,
   6 F.3d 770 (Fed. Cir. 1993) .....................................................................................9

*Kalvar Corp. v. Memorex Corp.*,
   386 F.Supp. 273 (ED La. 1974)..............................................................................10

*Kinetic Instruments, Inc. v. Lares*,
   802 F.Supp. 976 (S.D.N.Y. 1992)...........................................................................12

*Liqui-Box Corp. v. Reid Valve Co.*,
   672 F. Supp. 198 (W.D. Pa. 1987)............................................................................8

*Luci Bags LLC v. Younique, LLC*,
   No. 4:16-CV-00377, 2017 WL 77943 (E.D. Tex. Jan. 9, 2017)................................6

*NTP, Inc. v. Research in Motion, Ltd.*,
   418 F.3d 1282 (Fed. Cir. 2005)...........................................................................9, 10

*Olberding v. Illinois Central*,
   346 U.S. 338 (1953)................................................................................................13

*Ricoh Co., Ltd. v. Quanta Computer, Inc.*,
   579 F. Supp. 2d 1110 (W.D. Wis. 2007), *reversed in part on other grounds*,
   550 F.3d 1325 ........................................................................................................10

*Roberts Dairy Co. v. United States*,
   530 F.2d 1342 (1976)................................................................................................9

*Schroeder v. Owens-Corning Fiberglas Co.*,
   326 F.Supp. 594 (C.D. Cal. 1971) ..........................................................................10

*Script Security Solutions LL v. Amazon.com. Inc.*,
   170 F.Supp.3d 928 (E.D. Tex. 2016).........................................................................5

*St. Lawrence Comm'n LLC v. HTC Corp.*,
   2016 WL 1077950 (E.D. Tex. 2016) .........................................................................5

*TC Heartland LLC v. Kraft Food Brands Grp.*,
  821 F.3d 1338 (Fed. Cir. 2016), *cert. granted*, 137 S.Ct. 614 (U.S. Dec. 14,
  2016) ...................................................................................................................5

*TC Heartland LLC v. Kraft Foods Group Brands LLC*,
  581 U.S. ___ (May 22, 2017) ...................................................1, 2, 4, 5, 6, 7, 14, 15

*Transocean Offshore Deepwater Drilling, Inc. v. GlobalSantafe Corp.*,
  400 F. Supp. 2d 998 (S.D. Tex. 2005) ...................................................................10

*University of Illinois Foundation v. Channel Master*,
  382 F.2d 514 (7th Cir.1967) ...................................................................................12

*VE Holding Corp. v. Johnson Gas Appliance Co.*,
  917 F.2d 1574 (Fed. Cir. 1990)......................................................................3, 4, 5, 6

*W.L. Gore & Assocs., Inc. v. Medtronic, Inc.*,
  874 F. Supp. 2d 526 (E.D. Va. 2012) ...................................................................10

*Weiss v. National Westminster Bank PLC*,
  176 F.Supp.3d 264 (E.D.N.Y. 2016) ......................................................................3

**Statutes**

28 U.S.C. § 1391 ....................................................................................................5, 6

28 U.S.C. § 1400(b) ...........................................................................1, 4, 5, 6, 7, 11, 12, 15

28 U.S.C. § 1404.................................................................................................4, 11

28 U.S.C. § 1406........................................................................................1, 2, 13, 14, 15

35 U.S.C. § 271(a) ...............................................................................................9, 11

**Rules**

Fed. R. Civ. P. Rule 12 ............................................................................................6

Fed. R. Civ. P. Rule 12(b)........................................................................................3

Fed. R. Civ. P. 12(b)(3)...................................................................................1, 3, 4, 5, 6

Fed. R. Civ. Proc. 12(b)(6) .............................................................................2, 3, 4, 5

Fed. Rule Civ. Proc. 12(g) .......................................................................................3

Fed. Rule Civ. Proc. 12(g)(2)...............................................................................3, 6

Fed. Rule Civ. Proc. 12(h)(1)...................................................................................6

Fed. Rule Civ. Proc. 12(h)(1)(B) ..................................................................................................5

**Other Authorities**

Rule 12(b) ...................................................................................................................................3, 6

## I.     <u>INTRODUCTION</u>

Guardant Health, Inc. ("Guardant") hereby moves the Court pursuant to Fed. R. Civ. P. 12(b)(3) to dismiss this case, including Guardant's counterclaims, for improper venue in light of the recent decision by the United States Supreme Court in *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 581 U.S. ___ (May 22, 2017) (attached hereto as Exhibit 1), or alternatively to transfer this case to the Northern District of California pursuant to 28 U.S.C. § 1406.

Venue in patent cases is governed by 28 U.S.C. § 1400(b), which provides: "Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."  In *TC Heartland*, the Supreme Court held that under § 1400(b), a defendant "resides" only in its State of incorporation. Ex. 1, Slip Op. at 2.  Venue is not proper in this District under the first prong of § 1400(b), as Guardant is incorporated in the State of Delaware.

Venue is similarly improper under the second prong of § 1400(b) for two separate reasons.  First, Guardant has not "committed acts of infringement" in this District.  All claims of Plaintiff's patent-in-suit, U.S. Patent No. 9,340,830 (the "'830 patent"), are directed to a "method of analyzing a tumor sample." Dkt. No. 1-4 (U.S. Patent No. 9,340,830) at claims 1, 65.  It is undisputed that Guardant performs the accused method, its Guardant360 test, at its headquarters in Redwood City, California.  Declaration of Dr. Helmy Eltoukhy ("Eltoukhy Decl."), Dkt. No. 12-1, at ¶ 5.  As a result, even under Plaintiff's infringement theory, Guardant does not "use" the claimed method, and hence does not commit any acts of infringement, in this District.[1]  Second, Guardant did not, and still does not, have a "regular and established place of business" in this District.  At the time Plaintiff filed its complaint, Guardant had a sole sales representative living

---

[1] In any event, on the relevant date for determining venue, Guardant did not receive any orders for its test originating from this District. Collora Decl. at ¶ 6.

in this District, who shared the sales territory with a sales representative based in Houston. Declaration of Steven Collora ("Collora Decl.") at ¶ 3. There was (and is) no Guardant office or Guardant phone number for them in the Eastern District of Texas. *Id.* Moreover, they did not provide the accused Guardant360 test from this District, nor did they engage in any contractual, financial, or other direct sales transaction with customers in this District. *Id* at ¶¶ 4-5.

Both parties to this lawsuit recognize that under *TC Heartland*, venue is not proper in this District. Indeed, on May 25, 2017, Plaintiff filed a mirror-image lawsuit asserting the '830 patent against Guardant in the District of Delaware. Ex. 2. The next day, counsel for Foundation notified Guardant that Foundation filed its mirror-image lawsuit in Delaware "in order to preserve jurisdiction and venue in Delaware should Guardant seek to dismiss the case currently pending in the Eastern District of Texas." Ex. 3. Foundation's counsel further stated that "Foundation will voluntarily dismiss the Delaware complaint if Guardant confirms in writing by not later than close of business today that Guardant will not be filing any such motion to dismiss and concedes that venue in the Eastern District of Texas is proper." *Id.*

But venue is not proper in this District. That is why Plaintiff took the extraordinary step of filing a duplicative lawsuit against Guardant on the same patent in a second federal court—an action Plaintiff cannot sustain under the well-established "first-filed rule." This Court should dismiss this case for improper venue or, alternatively, transfer this case to the Northern District of California pursuant to 28 U.S.C. § 1406.

## II.     THE COURT SHOULD DISMISS THIS CASE FOR IMPROPER VENUE

### A.     *TC Heartland* Introduced A Venue Defense Not Previously Available To Guardant Under Then-Governing Decisional Law

On August 8, 2016, Guardant moved to dismiss Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. At that time, venue was governed by the

Federal Circuit's longstanding rule that for corporate defendants, venue in patent infringement suits was proper in any district in which the defendant was subject to personal jurisdiction.  *VE Holding Corp. v. Johnson Gas Appliance Co*., 917 F.2d 1574, 1583 (Fed. Cir. 1990), *abrogated by TC Heartland LLC*.  Guardant did not have a venue defense under *VE Holding Corp*, and thus did not request dismissal for improper venue in its Rule 12(b)(6) motion.

Guardant's present Rule 12(b)(3) motion is accordingly timely under Rule 12(g)(2), which only prohibits subsequent Rule 12(b) motions if the second motion "rais[es] a defense or objection ***that was available*** to the party but omitted from its earlier motion."  Fed. Rule Civ. Proc. 12(g)(2) (emphasis added).  Courts have interpreted Rule 12(g)(2) as authorizing a second Rule 12(b) motion when a change in case law makes available a Rule 12(b) defense that was not available to a party at the time it filed its first Rule 12(b) motion.  *See, e.g, Chatman-Bey v. Thornburgh,* 864 F.2d 804, 813, n.9 (D.C. Cir. 1988) ("Rule 12(g) . . . provides, sensibly, that a defense may be waived only if 'available' at the time of the answer or pre-answer motion. The decisional law indicates that a defense is unavailable if its legal basis did not exist at the time of the answer or pre-answer motion . . . .") (citing *Holzager v. Valley Hospital*, 646 F.2d 792, 796 (2d Cir.1981); *Glater v. Eli Lilly & Co.,* 712 F.2d 735, 738-39 (1st Cir. 1983)).

Courts have specifically found that defendants may exercise the Rule 12(g)(2) "availability" exception when an intervening Supreme Court decision opens the door to a Rule 12(b) defense that was previously unavailable.  For example, following the Supreme Court's decision in *Daimler AG v. Bauman*, 134 S.Ct. 746 (2014), which redefined and limited a court's ability to assert general personal jurisdiction over a defendant, multiple courts found that defendants were permitted to file a second Rule 12(b) motion to dismiss the case based on a lack of personal jurisdiction.  *See, e.g.*, *Weiss v. National Westminster Bank PLC,* 176 F.Supp.3d 264,

274-76 (E.D.N.Y. 2016); *7 West 57th Street Realty Co., LLC v. Citigroup, Inc.,* 2015 WL 1514539, at *5-6 (S.D.N.Y. Mar. 31, 2015).  As the Second Circuit observed, "a party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made."  *Gucci America, Inc. v. Weixing Li*, 768 F.3d 122, 135-36 (2d Cir. 2014) (defendant did not waive personal jurisdiction defense on appeal despite not raising such defense in district court, due to intervening change in law under *Daimler*) (citation omitted).

The Supreme Court's recent decision in *TC Heartland LLC* redefined the venue rules for patent litigation in a manner that opened a previously unavailable venue defense to Guardant. Prior to *TC Heartland* and at the time Guardant filed its Rule 12(b)(6) motion, *VE Holding Corp.* was the law of the land.  Under *VE Holding Corp.*, "venue in a patent infringement case includes any district where there would be personal jurisdiction over the corporate defendant at the time the action is commenced." 917 F.2d at 1583 (Fed. Cir. 1990).  *VE Holding* also unambiguously held that *Fourco Glass Co. v. Transmirra Prods. Corp.*, 353 U.S. 222 (1957), an earlier Supreme Court decision limiting the first prong of § 1400(b) to the state of incorporation, was superceded by Congressional amendments to applicable venue statutes. *See VE Holding*, 917 F.2d at 1579. As a result, at the time it filed its Rule 12(b)(6) motion, Guardant did not have a defense of lack of venue available to it under *VE Holding Corp.* and accordingly did not include a request for dismissal under Rule 12(b)(3) for improper venue in its motion.

Guardant similarly did not dispute that it was subject to personal jurisdiction in this District.  *See* Guardant Answer, Dkt. No. 75 at ¶ 5 ("Guardant admits that it is subject to personal jurisdiction.").  In its motion to transfer under 28 U.S.C. § 1404, Guardant noted that it had a sales representative who lived in this District and that a small percentage of blood draws sent to Guardant "originate from clinicians in the Eastern District of Texas."  Dkt. No. 12-1, at ¶¶ 6-7.

–4–

Decisions from this District underscore the fact that Guardant did not have a venue defense available to it at the time it filed its Rule 12(b)(6) motion.  Courts of this District consistently rejected challenges to *VE Holding Corp.* in denying motions to dismiss for lack of venue under Rule 12(b)(3).  *See, e.g.*, *St. Lawrence Comm'n LLC v. HTC Corp.*, 2016 WL 1077950 (E.D. Tex. 2016) (denying motion to dismiss for improper venue on ground that *VE Holding* applied section 1391(c)'s definition of "reside" to section 1400(b)); *Script Security Solutions LL v. Amazon.com. Inc.*, 170 F.Supp.3d 928, 933 (E.D. Tex. 2016) (same; noting that the court "disagree[d] with Amazon's statutory analysis" based on *VE Holdings*).[2]

In *TC Heartland*, however, the Supreme Court abrogated *VE Holdings* and held that the patent venue statute, 28 U.S.C. § 1400(b), does not incorporate the general venue provisions found in 28 U.S.C. § 1391.  *TC Heartland*, Ex. 1 (Slip Op.) at 5.  Now, under *TC Heartland*, venue in patent infringement suits is only proper in either (1) a defendant's state of incorporation, or (2) "where the defendant has committed acts of infringement and has a regular and established place of business."  *Id.* at 8; *see* 28 U.S.C. § 1400(b).  As explained below, neither of these conditions applies to Guardant.  The Supreme Court's marked change to the

---

[2] Guardant appropriately preserved its improper venue defense and thus did not waive that defense under Rule 12(h)(1)(B). Guardant's Answer expressly recites as its Fifth Affirmative Defense – Improper Venue:

> In the event the U.S. Supreme Court overrules *VE Holding Corp. v. Johnson Gas Appliance Co.*, 917 F.2d 1574 (Fed Cir. 1990), Foundation is barred from pursuing its claims in the Eastern District of Texas because venue is improper, and the Comlaint, and each purported claim contained therein, should be dismissed under Rule 12(b)(3) of the Federal Rules of Civil Procedure, or, in the alternative, transferred to the proper venue, the Northern District of California. *See TC Heartland LLC v. Kraft Food Brands Grp.*, 821 F.3d 1338 (Fed. Cir. 2016), *cert. granted*, 137 S.Ct. 614 (U.S. Dec. 14, 2016) (No. 16-341).

Dkt. No. 75, ¶ 46. Guardant raised the improper venue defense in its first responsive pleading after the Supreme Court granted *certiorari* in *TC Heartland*—the first indication in decades that such a defense may be available to it.

rules of patent venue in *TC Heartland* has therefore created a situation for Guardant that is analogous to the changed legal landscape following *Daimler*.  For procedural purposes under Rule 12, personal jurisdiction and venue are indistinguishable.  Both defenses arise under Rule 12(b), are waived in the same manner per Rule 12(h)(1), and are amenable to the same "availability" exception under Rule 12(g)(2).  And unlike the hodge-podge of personal jurisdiction law applied by different circuits prior to *Daimler, VE Holding*'s now-abrogated interpretation of § 1400(b) operated in full force in this district and throughout the nation prior to *TC Heartland*.  Guardant's present Rule 12(b)(3) motion is thus timely under Rule 12(g)(2).

### B.      Venue is Improper Under § 1400(b)

In *TC Heartland*, the Supreme Court ruled that venue in patent infringement actions is controlled solely by § 1400(b), and is not supplemented by 28 U.S.C. § 1391. Ex. 1, Slip Op. at 2. There are two prongs in § 1400(b) under which venue can be proper.  Plaintiff cannot establish that venue is proper in this case under either prong.

"Under Rule 12(b)(3), once a defendant has objected to venue, the burden shifts to the plaintiff to establish that venue is proper as to each defendant and each claim." *Luci Bags LLC v. Younique, LLC*, No. 4:16-CV-00377, 2017 WL 77943, at *3 (E.D. Tex. Jan. 9, 2017).  "[T]he court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments." *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 449 (5th Cir. 2008).

### 1.      Guardant Does Not "Reside" in the Eastern District of Texas

In *TC Heartland*, the Supreme Court definitively rejected the Federal Circuit's venue analysis in *VE Holding.*, ruling that "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute."  Ex. 1, Slip Op. at 2; *see also id.* at 7 ("We reverse the Federal Circuit.").  Specifically, the Supreme Court held:

> As applied to domestic corporations, "reside[nce]" in §1400(b) refers only to the State of incorporation. Accordingly, we reverse the judgment of the Court of Appeals and remand the case for further proceedings consistent with this opinion.

*Id.* at 10 (alteration in original).  Personal jurisdiction is thus no longer sufficient to establish residence (and hence venue).  *See id.*  Here, Guardant is incorporated in the State of Delaware. Eltoukhy Decl., Dkt. No. 12-1, at ¶ 3.  Under *TC Heartland*, therefore, Guardant does not "reside" in Texas and therefore venue is improper under § 1400(b)'s first prong.

There can also be no dispute that *TC Heartland* applies retroactively, and therefore governs this case.  In the *TC Heartland* case itself, the Court announced the correct interpretation of the patent venue statute and applied it to the parties in that very case by reversing the Federal Circuit's opinion and remanding the case for further proceedings consistent with that interpretation.  Ex. 1, Slip Op. at 10.  The Court did not limit its ruling to newly-filed cases only. This is consistent with the traditional application of Supreme Court law. In *Harper v. Virginia Department of Taxation*, 509 U.S. 86, 97 (1993), the Supreme Court explained:

> When this Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule.

Thus, the Supreme Court's recent decision interpreting "resides" in § 1400(b) is "the controlling interpretation of federal law and must be given full retroactive effect" in this case. *Id.*

### 2.      Guardant Did Not Commit Acts Of Infringement In This District

The second prong of § 1400(b) permits venue if, and only if, two requirements are met: (i) "the defendant has committed acts of infringement" in the District; ***and*** (ii) the defendant "has a regular and established place of business" in the District.  Guardant has neither committed acts

of infringement in this District nor does it have (or did it have) a regular and established place of business in this District.  Thus, Plaintiff cannot establish either of the requirements of this prong.

First, Plaintiff has the burden of "establish[ing] that the defendant has committed acts of infringement in this district." *Liqui-Box Corp. v. Reid Valve Co.*, 672 F. Supp. 198, 199 (W.D. Pa. 1987).  "Ordinarily, when venue is challenged, courts require the plaintiff to show facts establishing venue at the outset of litigation in order to give defendant the protection which the venue statute intended him to have—that is, protection against having to litigate a case in a forum which does not meet the statutory criteria." *Funnelcap, Inc. v. Orion Indus.*, *Inc.*, 392 F. Supp. 938, 942 (D. Del. 1975).  Plaintiff cannot make this showing.  Under Plaintiff's own infringement theory, Guardant's acts of infringement—namely, its alleged "use" of Plaintiff's claimed method—occurs only in the Northern District of California, not in this District.

Plaintiff's '830 Patent contains two independent claims, claims 1 and 65, and both are method claims.  Dkt. No. 1-4 at claims 1, 65.  Each claim is directed to a "method of analyzing a tumor sample," and recites various laboratory steps, including "acquiring a library" of DNA molecules, "contacting" the library with two or more specific "bait sets" (a "bait" is a "type of hybrid capture reagent," *id.* at col. 28:47), and performing "next generation sequencing" (NGS) on the resulting library catch, "thereby acquiring a read." *Id.*

In its Complaint, Plaintiff alleged that "Guardant conducts testing on [patient blood samples] in its laboratory."  Dkt. No.1 at ¶ 19.  The Complaint alleged that the Guardant360 test performs various laboratory steps ostensibly related to Plaintiff's claimed methods.  *Id.* at ¶¶ 21-27.  It is undisputed that the only "laboratory" at which Guardant "conducts testing" is at its corporate headquarters in Redwood City, CA—not in this District.  Eltoukhy Decl., Dkt. No. 12-1, at ¶ 5 ("The GUARDANT360 testing services . . . occur at [] the Redwood City facility.").

As a result, Plaintiff does not and cannot allege that Guardant commits any infringing "use" of Plaintiff's claimed methods in this District under 35 U.S.C. 271(a).  Any such "use" occurs, if at all, in the Northern District of California, where Guardant conducts its laboratory testing.  "It is well established that a patent for a method or process is not infringed unless all steps or stages of the claimed process are utilized." *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1318 (Fed. Cir. 2005) (quoting *Roberts Dairy Co. v. United States*, 530 F.2d 1342, 1354 (1976)). "Because a process is nothing more than the sequence of actions of which it is comprised, the use of a process necessarily involves doing or performing each of the steps recited." *Id.* at 1317.  Even under Plaintiff's infringement theory, then, Guardant does not "use" Plaintiff's claimed method in this District.

There is also no tenable legal theory that Guardant somehow "sells" or "offers for sale" Plaintiff's claimed method in this District.  In *NTP*, the Federal Circuit addressed "the issue of whether a method claim may be infringed by selling or offering to sell within the meaning of section 271(a)." *Id.* at 1317.  Noting that the ordinary meaning of a "sale" "includes the concept of a transfer of title or property," the court concluded that it was "difficult to envision what property is transferred merely by one party performing the steps of a method claim in exchange for payment by another party." *Id.*  "[P]erformance of a method does not necessarily require anything that is capable of being transferred." *Id.*  The Federal Circuit further observed that "Congress has consistently expressed the view that it understands infringement of method claims under section 271(a) to be limited to use." *Id.* at 1320; *see id.* ("The indication we have from Congress on infringement by selling or offering to sell method claims shows that it believes the beachhead is narrow."); *see also Joy Techs. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993) ("A method claim is directly infringed only by one practicing the patented method."). The *NTP* court

thus held that the "performance of at least some of the recited steps of the asserted method claims as a service for [the accused infringer's] customers cannot be considered to be selling or offering to sell the invention covered by the asserted method claims."  418 F.3d at 1320-21.

Following *NTP*, numerous district courts have concluded that a patent holder may not base its infringement claims on the sale or offer for sale of a patented method.  *See W.L. Gore & Assocs., Inc. v. Medtronic, Inc.*, 874 F. Supp. 2d 526, 544-45 (E.D. Va. 2012) ("[T]he Federal Circuit appears to have concluded that [the 'sale' or 'offer for sale'] prong does not apply to method claims") (citing *NTP*, 418 F.3d at 1321); *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 695 F. Supp. 2d 680, 688 (S.D. Ohio 2010) ("[T]his Court is persuaded that 'offer to sell' liability does not apply to claims of infringement of a method patent."); *Transocean Offshore Deepwater Drilling, Inc. v. GlobalSantafe Corp.*, 400 F. Supp. 2d 998, 1011 (S.D. Tex. 2005) (§ 271(a)'s prohibition against "offers to sell" is not applicable where the offer was to perform patented methods for compensation); *Ricoh Co., Ltd. v. Quanta Computer, Inc.*, 579 F. Supp. 2d 1110, 1123 (W.D. Wis. 2007) (granting accused infringers' motion for summary judgment because plaintiff had not cited any authority for "why anything other than defendants' use of the accused devices incorporating the method should constitute infringement under § 271(a)"), *reversed in part on other grounds*, 550 F.3d 1325.

As a result, Guardant did not commit acts of infringement by allegedly selling or offering to sell Plaintiff's claimed methods in this District.  *See Schroeder v. Owens-Corning Fiberglas Co.*, 326 F.Supp. 594, 597 (C.D. Cal. 1971) ("The mere sale by this Defendant in this Judicial District of an article produced by this Defendant outside of this Judicial District by a method or apparatus alleged to infringe said Method Patent does not constitute an act of infringement of said Method Patent within this Judicial District for venue purposes."); *Kalvar Corp. v. Memorex*

*Corp.,* 386 F.Supp. 273, 278 (ED La. 1974) ("The sale or use of the film in this district does not constitute an infringement of the process patent within this district.").

In its papers in support of its motion to transfer under 28 U.S.C. § 1404, Guardant noted that a tiny fraction of its testing services—0.15%—originated from clinicians in this District. Eltoukhy Decl., Dkt. No. 12-1, at ¶ 7.  For the reasons and under the authorities set forth above, this fact cannot, as a matter of law, establish that Guardant has sold or offered for sale the patented method under 35 U.S.C. § 271(a).  But even if Foundation tried to distort the law governing direct infringement of a method claim under § 271(a), Foundation would still be unable to establish that this is a District where Guardant "committed acts of infringement" at the relevant time for purposes of § 1400(b).

Foundation sued Guardant the very same day that the '830 patent issued: May 17, 2016. *Compare* Dkt. No. 1 (Complaint, filed 05/17/16) *with* Dkt. No. 1-4 at 1 ('830 patent, listing "Date of Patent" as May 17, 2016).  As a result, the relevant question for venue purposes is whether Guardant committed any acts of infringement in this District on May 17, 2016.  *See Archer Daniels Midland Co. v. Ralston Purina Co.*, 321 F.Supp. 262, 264-65 (SD Ill. 1971) (patent issued on January 6, and patentee filed infringement suit on January 7; court held that two-day period from January 6 to January 7 was the "critical time period" for determining acts of infringement in district for venue purposes); *CPG Products Corp. v. Mego Corp.*, 1980 WL 50358, at *5 (S.D. Oh. 1980) ("[I]n order for a patent holder to maintain an action for infringement, it must establish that the defendant committed some act of infringement *after the patent issued and prior to the institution of the suit*.") (emphasis added).  Guardant did not do so. In fact, Guardant received zero commercial specimens for processing in its Redwood City lab from locations in the Eastern District of Texas between May 17, 2016 and May 20, 2016, which

confirms that it did not receive any orders for its testing services from clinicians in this District on May 17, 2016.  Collora Decl. at ¶ 6.

### 3. Guardant Has No Regular And Established Place Of Business Here

The requirements for the second prong of section 1400(b) are stated in the conjunctive— i.e. "where the defendant has committed acts of infringement **_and_** has a regular and established place of business."  Thus, the fact that Guardant did not commit any acts of infringement in this District is sufficient, standing alone, to require dismissal based on improper venue.  In addition, however, Guardant also lacks a "regular and established place of business" in this District.

In *In re Cordis Corp*., 769 F.2d 733 (Fed. Cir. 1985), the Federal Circuit cited with approval the Seventh Circuit's decision in *University of Illinois Foundation v. Channel Master*, 382 F.2d 514 (7th Cir.1967).  According to the Federal Circuit, *University of Illinois* correctly found that venue was improper in "a patent infringement suit against a New York manufacturer of television antennas where the facts demonstrated that its sole employee [within the district] worked from his home in Illinois promoting sales of his employer's products." *Cordis*, 769 F.2d at 736; *accord Kinetic Instruments, Inc. v. Lares*, 802 F.Supp. 976, 987 (S.D.N.Y. 1992) ("A 'regular and established place of business' involves more than 'doing business,' and the mere presence of a sales representative is not sufficient.").  As the Federal Circuit reasoned, despite his or her physical presence in the district, the activities of a lone sales representative do not establish the "permanent and continuous presence" required for venue. *Cordis*, 769 F.2d at 736. Similarly, the activities of a sales representative are insufficient to establish venue when the sales representative merely "directs the customer to address [its order] to [the corporate headquarters outside the district], which is the only place where the order can be acknowledged and accepted." *General Radio Co. v. Superior Electric Co.*, 293 F.2d 949, 950 (1st Cir. 1961).

–12–

Under these authorities, Guardant plainly lacked a "regular and established place of business" in the Eastern District of Texas.  At the time Plaintiff filed its complaint, Guardant had a lone sales representative living in this District, who divided the sales territory comprising this District with one other sales representative who was based in Houston.   These sales representatives could only be contacted through a personal mobile phone or Guardant's corporative headquarters in California. Collora Decl. at ¶ 3.  There was no Guardant office or phone number in this District through which to reach them.  *Id*.  Moreover, the sales representative did not provide the accused Guardant360 test from this District; to order a test, clinicians needed to complete a requisition form and mail that form, along with blood collected from a patient, to Guardant Health in California. *Id.* at ¶ 4.  The sales representatives did not engage in any contractual, financial, or other direct sales transaction with customers in the Eastern District of Texas.  *Id.* at 5.  Thus, as in *General Radio Co.*, Guardant's representatives would "direct[] the customer to address [its order] to [Guardant's corporate headquarters in California], which is the only place where the order can be acknowledged and accepted."  293 F.2d at 950.

In sum, venue in this District is improper and all claims and counterclaims should be dismissed.  The parties should not continue litigating here only to have venue ruled improper on appeal, requiring a redo of this case in a proper forum.  *See Olberding v. Illinois Central*, 346 U.S. 338, 340 (1953) (reversing verdict for plaintiff after jury trial in improper venue).

III.   **IN THE ALTERNATIVE, THE COURT SHOULD TRANSFER THIS CASE TO THE NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. 1406**

Alternatively, the Court should transfer this case to the Northern District of California under 28 U.S.C. § 1406, which provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice,

transfer such case to any district or division in which it could have been brought." "[Section] 1406(a) uses the mandatory language 'shall dismiss, or . . . transfer.'" *In re LimitNone, LLC*, 551 F.3d 572, 576 n.2 (7th Cir. 2008) (alteration in original).  This is different from transfer for convenience pursuant to § 1404(a), which uses the permissive "may."

Transfer to the Northern District of California under § 1406 is particularly warranted here.  On June 8, 2016, within days of service of the summons, Guardant moved to transfer this case to the Northern District of California.  On February 14, 2017, this Court denied Guardant's motion.  Guardant's Objection to the Court's Order remains pending before the District Court.

Meanwhile, on May 25, 2017—prior to a final resolution of Guardant's motion to transfer to the Northern District of California under § 1404—Plaintiff filed a mirror-image lawsuit under the '830 patent against Guardant in the District of Delaware.  Ex. 2.  Filed just three days after the Supreme Court decided *TC Heartland*, Plaintiff's duplicative Delaware Complaint betrays Plaintiff's own awareness that venue is improper in this Court in light of the change in decisional law.  Indeed, according to Foundation's counsel, Foundation filed this lawsuit "in order to preserve jurisdiction and venue in Delaware should Guardant seek to dismiss the case currently pending in the Eastern District of Texas."  Ex. 3. Foundation's counsel even made the improper demand that Foundation would not dismiss its duplicative Delaware Complaint unless Guardant "confirms in writing by not later than close of business [of the date of Foundation's email] that Guardant will not be filing any such motion to dismiss and concedes that venue in the Eastern District of Texas is proper."  *Id.*  But venue is improper in this District, and thus Guardant refused to make any contrary concession simply because Foundation filed a second lawsuit against Guardant on the same patent in a different district.

Foundation's Delaware Complaint should be given no weight in the Court's transfer analysis under § 1406.  Under Third Circuit law, a second-filed lawsuit should be dismissed with prejudice if it was the product of "[b]latant forum shopping or gamesmanship."  *Chavez v. Dole Food Co., Inc.*, 836 F. 3d 205, 221 (3rd Cir. 2016). ("[I]f the duplicative litigation results from the plaintiff's own failure to follow the rules . . . a prejudice-based dismissal may be appropriate. *Blatant forum shopping or gamesmanship* by one or both parties *may also merit such a result*.") (emphasis added).  Here, Foundation's own counsel essentially conceded that Foundation's Delaware Complaint was the product of "blatant forum shopping" and "gamesmanship." Foundation filed that duplicative litigation before a final resolution of Guardant's transfer motion to the Northern District of California, which Guardant filed at the very outset of this litigation. Moreover, Foundation improperly sought to condition its dismissal of that duplicative litigation on Guardant's agreement to waive a meritorious defense of improper venue in this Court.

As this is the first-filed, albeit improperly venued, lawsuit, this case should be transferred to the Northern District of California pursuant to 28 U.S. § 1406.  Foundation's duplicative Delaware action should be given no consideration.

## IV.    <u>CONCLUSION</u>

*TC Heartland* marks an intervening change in law. Under *TC Heartland*, venue is improper here under the first prong of § 1400(b) because Guardant is not incorporated in Texas. Venue is improper under the second prong of § 1400(b) because Guardant neither committed acts of infringement, nor had a regular and established place of business, in this District. The Court should either dismiss this action or transfer it to the Northern District of California pursuant to 28 U.S.C. § 1406.

Dated: June 12, 2017                    By: /s/ Alan Heinrich

                                                    Alan Heinrich
Morgan Chu
(mchu@irell.com)
Alan Heinrich
(aheinrich@irell.com)
C. Maclain Wells
(mwells@irell.com)
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

T. John Ward, Jr.
State Bar No. 00794818
Claire Henry
State Bar No. 24053063
Andrea Fair
State Bar No. 24078488
WARD, SMITH & HILL, PLLC
PO Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
Email: jw@wsfirm.com
Email: claire@wsfirm.com
Email: andrea@wsfirm.com

*Attorneys for Defendant Guardant Health*

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was served on all counsel of record by email on this 12th day of June, 2017.

                                                    /s/ Alan Heinrich